UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | C.A. No. 20-cr-00078-MSM-PAS |
| ) | |
| JOSE MANUEL ROSARIO MELLA. ) | |

ORDER

Mary S. McElroy, United States District Judge.

Defendant Jose Manuel Rosario Mella, who is not represented by counsel, seeks a reduction to his custodial sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and 21 U.S.C. § 851(e). (ECF No. 75.)

Section 3582(c)(1)(A)(i) permits a court to reduce a term of imprisonment when a defendant fully exhausts their administrative rights and there are "extraordinary and compelling reasons" that warrant such relief. 18 U.S.C. § 3582(c)(1)(A)(i). The government objects to the motion on three grounds: first, that the defendant failed to satisfy the mandatory exhaustion requirement under section 3582(c)(1)(A); second, that the defendant failed to present extraordinary and compelling reasons that warrant a reduction in his sentence; and third, that 21 U.S.C. § 851(e) provides no authority for the defendant's sentence reduction and does not apply to the defendant's case. (ECF No. 76 at 1.)

1

## I.  BACKGROUND

Mr. Mella plead guilty to one count of possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) and one count of being a felon in possession of a handgun in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 62 at 1.) On November 17, 2023, the Court imposed a sentence of 108 months incarceration, to be followed by four years of supervised release. (ECF No. 71 at 2-3.)

Mr. Mella is incarcerated at the Federal Correctional Institution, Fort Dix. According to the Bureau of Prisons ("BOP"), his projected release date is April 13, 2028. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 9, 2024).

Mr. Mella filed his first motion for compassionate release on February 20, 2024, under 18 U.S.C. 3582(c)(2). (ECF No. 73.) Mr. Mella argued that Amendment 821 of the Sentencing Guidelines lowered the sentencing range for his offense because he fit the criteria of a "Zero Point Offender." *Id.* at 1. After finding that Mr. Mella, who was sentenced after Amendment 821 was passed and it was therefore included in his guidelines calculation, was also not a "Zero Point Offender", the Court denied his motion. Mr. Mella then filed the instant motion on September 10, 2024. (ECF No. 75.)

## II.  STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment pursuant to a defendant's motion only after the defendant "fully exhausts their

administrative rights" by either appealing the BOP's failure to bring a motion on the defendant's behalf or by letting 30 days lapse after requesting such a motion be made. 18 U.S.C. § 3582(c)(1)(A). Once a defendant has exhausted the administrative process, a district court may reduce the defendant's term of imprisonment if it determines that: (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with any applicable policy statements issued by the [United States] Sentencing Commission" ("Sentencing Commission"), and (3) "consideration of the 18 U.S.C. § 3553(a) factors counsels in favor of a reduction." *United States v. Quirós-Morales*, 83 F.4th 79, 84 (1st Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

### III. DISCUSSION

#### A. Section 3582(c)(1)(A)

##### 1. Mandatory Exhaustion Requirement

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). "[A] prisoner-initiated motion for compassionate release may be made only after the prisoner has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or after thirty days have elapsed from the relevant facility's receipt of such request." *Quirós-Morales*, 83 F.4th at 84.

"The administrative exhaustion requirement is "a non-jurisdictional claim-processing rule." *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022). "A

3

claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised." *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 549 (2019). The Court must enforce the administrative exhaustion requirement here because the government raised the exhaustion issue in a timely response to the instant motion. (ECF No. 76.)

"Defendants must proffer evidence that they completed the appeals process to prove administrative exhaustion." *United States v. Nieves*, 615 F. Supp. 3d 73, 77 (D.P.R. 2022). Mr. Mella failed to provide evidence that he appealed a BOP decision not to bring a motion on his behalf or that he made such a request and 30 days lapsed since its receipt. (ECF No. 75.) Thus, the Court concludes that Mr. Mella has not satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). For this reason, the Court denies Mr. Mella's request for compassionate release. *United States v. Britton*, 473 F. Supp. 3d 14, 26 (D.N.H. 2020); *Nieves*, 615 F. Supp. 3d at 77.

### B.  Section 851(e)

Under 21 U.S.C. § 851(e), an individual who is convicted of a certain offense may not "challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Mr. Mella argues that this provision prohibits an enhancement that the Court applied to his sentence. (ECF No. 75 at 3.) However he was not subject to such an enhancement.

## IV. CONCLUSION

For these reasons, Mr. Mella's Motion for Reduction of Sentence (ECF No. 75) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED:

_Mary S. McElroy_
Mary S. McElroy,
United States District Judge

November 7, 2024